UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01204-AGF |
| | ) | |
| MERCY HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is now before the Court on Defendant Mercy Health's motion to compel Plaintiff's discovery responses and document production related to her medical and mental health records.  Doc. No. 28.  For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff Heidi Jacobs filed a two-count complaint against Defendant Mercy Health ("Mercy") alleging religious discrimination and disability discrimination.  Doc. No. 1.  According to the Complaint, Plaintiff applied for and received an offer of employment as a nurse at Defendant's Virtual Care Center.  Doc. No. 1 at ¶¶ 9-10.  As a condition of her employment, Defendant required Plaintiff to receive both influenza and COVID-19 vaccinations.  *Id.* at ¶ 12.  Plaintiff applied for both religious and medical exemptions for both vaccines.  *Id.* at ¶¶ 13-19.  Plaintiff claims that she is disabled in that she has an underlying condition that impairs her nervous and respiratory system.  *Id.* at ¶ 13.  Specifically, Plaintiff claims that she had an adverse response to a previous

vaccination that affected the nerves in her upper body, caused body weakness and triggered asthmatic symptoms.  *Id.* at ¶ 14.  Plaintiff further claims that her physician indicated that the vaccine response was suggestive of Guillain-Barré syndrome.  *Id.* at ¶ 16.

Defendant granted a medical exemption for the influenza vaccination, but denied Plaintiff's medical and religious exemption request for the COVID-19 vaccination.  *Id.* at ¶¶ 20-22.  Because Plaintiff did not receive an exemption for the COVID-19 vaccination and continued to refuse the vaccination, Defendant rescinded the offer of employment. *Id.* at ¶ 30.

Plaintiff brought this lawsuit against Defendant alleging violations of the Americans with Disability Act and Title VII.  In Count I, Plaintiff alleges that Defendant intentionally engaged in unlawful employment practice in violation of the Americans with Disabilities Act (ADA) by (a) failing to accommodate Plaintiff's disability and (b) terminating Plaintiff's employment and/or failing to hire Plaintiff.  In Count II, Plaintiff alleges that Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act by (a) failing to accommodate Plaintiff's religious exemption request and (b) terminating Plaintiff's employment and/or failing to hire Plaintiff.  In both counts, Plaintiff seeks declaratory and injunctive relief, as well as monetary damages, including loss of income, compensatory damages, emotional distress damages and punitive damages.

**Contested Discovery**

Defendant seeks to compel Plaintiff to produce records and respond to

2

interrogatories regarding her medical history: specifically, Interrogatory Nos. 8, 13, and

14 and Request for Production Nos. 49-50.

**Interrogatory No. 8**: Since January 1, 2015, state whether you have received any other vaccinations, including but not limited to the following vaccinations: influenza, pertussis, hepatitis A, hepatitis B, chicken pox, measles, mumps, rabies, rotavirus, rubella, shingles, tetanus, tuberculosis.

**Interrogatory No. 13**: If you have received any treatment, from any hospital, doctor, physician's assistant, nurse, nurse practitioner, psychiatrist, psychologist, or other health care practitioner, or any therapist, counselor or member of the clergy of any kind, or healthcare provider of any kind, for injuries or conditions (either physical, psychological or emotional) that you contend constitute a disability at issue in this litigation and/or that arise out of the actions complained about in your Complaint, please identify the following:

    A. the names and addresses of all such hospitals, doctors, physician's assistants, nurses, nurse practitioners, psychiatrists, psychologists, or other health care practitioners, or any therapists, counselors or members of the clergy or any kind providing such treatment

    B. their area of expertise, if any;

    C. the dates of all such treatments;

    D. describe the nature and kind of treatment received and the amount of expense incurred for such treatments;

    E. identify all documents evidencing any such treatments and expenses and the custodian(s) of same; and

    F. please sign and return the attached Authorization for Use or Disclosure of Protected Health Information form and the attached Authorization for Use of Disclosure of Protected Health Information (Psychotherapy Notes Only) form, either in blank or as to each such provider.

**Interrogatory No. 14**: Describe in detail any and all forms of medical or psychological care, treatment, and/or consultation you have received in the past five years from any hospital, doctor, physician's assistant, nurse, nurse practitioner, psychiatrist, psychologist, or other health care practitioner, or

any therapist, counselor or member of the clergy of any kind, and for each instance state the following:

    A.  the name, address, and phone number of each doctor, physician's assistant, nurse, nurse practitioner, psychologist, counselor, therapist, clergy member or other provider who has rendered such care, treatment and/or consultation;

    B.  their area of expertise, if any;

    C.  the type of care, treatment and/or consultation rendered;

    D.  the inclusive dates of such care, treatment and/or consultation;

    E.  the cost of such care, treatment and/or consultation;

    F.  the identity and custodian of each document relating to any treatment, care and/or consultation; and

    G.  please sign and return the attached Authorization for Use or Disclosure of Protected Health Information form and the attached Authorization for Use of Disclosure of Protected Health Information (Psychotherapy Notes Only) form, either in blank or as to each such provider.

Doc. No. 29-1, Interrogatories.  Plaintiff objected to all three of the above interrogatories on the following basis:

> **Objection** – The question seeks information that is irrelevant to the issues of this lawsuit, is overly broad and unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and is beyond the scope of discovery permitted by the Rules of Civil Procedure.

*Id.*  As to Interrogatory No. 13, Plaintiff also stated, "[h]owever, without waiving said objection, Plaintiff submits:  Guillan Barre [sic] Syndrome.  Dr. Megan Henningsen."  *Id.* at 4.

Defendant's Requests for Production Nos. 49-50 sought executed copies of the

authorizations referenced in Interrogatory Nos. 13-14.  Doc. No. 29-2 at 2.  Plaintiff objected on the same basis.  *Id.*

**Meet and Confer Requirement**

Pursuant to Local Rule 3.04(a), "the Court will not consider any motion relating to discovery unless it contains a statement that movant's counsel has conferred *in person* or *by telephone* with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord."  E.D. Mo. L.R. 3.04(a) (emphasis added).  Defendant certified that it has conferred in writing and by telephone with Plaintiff regarding these disputes but the parties have been unable to reach a resolution.  Defendant explains that it received Plaintiff's responses on June 9, 2023, and on August 11, 2023, sent an email to Plaintiff's counsel describing the various issues.  On August 25, 2023, counsel spoke over the phone about the discovery disputes.  Defense counsel states that this conversation resolved some, but not all of the disputes, particularly the issues regarding Plaintiff's medical records.  Defense counsel emailed Plaintiff's counsel on September 11, 2023, again requesting complete medical records and authorizations but did not receive a response.  Thereafter, Defendant filed this motion to compel.

The Court is not convinced that two emails and one phone call constitutes "sincere efforts" to resolve the dispute.  However, it is clear from Plaintiff's opposition that she has no intention of providing her medical records and/or the corresponding authorizations.  As such, the Court will consider Defendant's motion to compel.

## **ARGUMENT OF THE PARTIES**

Defendant argues that the information it seeks is discoverable and essential to both Plaintiff's claims and Defendant's defenses.  Specifically, Defendant argues that Plaintiff cannot withhold discoverable information pertaining to whether she actually had a disability as defined by the ADA, sought treatment for the alleged disability, or even had a history of prior vaccinations (or vaccination refusal).  Additionally, Defendant argues that because Plaintiff is seeking emotional distress damages and testified that she sought counseling and therapy for the emotional distress she suffered as a result of Defendant rescinding her job offer, Defendant is entitled to any such therapy or counseling records.

Plaintiff argues that requiring her to produce her medical and counseling records will serve no purpose other than to harass and embarrass her.  Plaintiff further argues that because she is only seeking "garden variety" emotional distress, her medical history is irrelevant, and any counseling records are protected by the psychotherapist-patient privilege.  Plaintiff further contends that there is nothing in her medical files related to her claims other than what Defendant already possesses, specifically, a copy of an email thread between Plaintiff and her physician.  Plaintiff explains that at her deposition she conceded that she was never diagnosed by a physician as having Guillain-Barré and she never made an office visit to her physician's office for treatment of Guillain-Barré, and therefore there is nothing documented in her medical record aside from the email correspondence with her physician.  As such, Plaintiff argues that she has fulfilled her discovery obligation by disclosing the only medical record relevant to her claims.

## <u>LEGAL STANDARD</u>

Under Fed. R. Civ. P. 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "The scope of discovery under Rule 26(b) is extremely broad." *SI03, Inc. v. Musclegen Rsch., Inc.*, No. 1:16-CV-274-RLW, 2020 WL 6544261, at *1 (E.D. Mo. Nov. 6, 2020) (citations omitted). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). In the discovery context, "[r]elevance 'encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" *Cherokee Nation v. United States Dep't of Interior*, 531 F. Supp. 3d 87, 98 (D.D.C. 2021) (quoting *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (additional citations omitted); *Miravalle v. One World Techs., Inc.*, No. 4:18-CV-304 JMB, 2019 WL 3890803, at *2 (E.D. Mo. Aug. 19, 2019).

However, "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome . . . ." *Hileman v. Internet Wines & Spirits Co.,* No. 4:18-MC-00340-AGF, 2018 WL 2557577, at *2 (E.D. Mo. June 4, 2018) (citation omitted). "This is particularly true in light of the proportionality considerations required by the 2015 amendment to Rule 26." *Id.* However, once "the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to

compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Bell v. Lombardi*, 4:14-cv-0027 (CEJ), 2015 WL 402084, at *1 (E.D. Mo. Jan. 28, 2015) (citations omitted).  "Bare assertions that the discovery requested is overly broad, unduly burdensome, oppressive, or irrelevant are ordinarily insufficient to bar production." *Id.*; *see also* E.D. Mo. L.R. 3.04(c) ("Upon the filing of a motion to compel, the Court may summarily overrule an objection to any discovery request if the objection is not stated in detail.").

## DISCUSSION

### Medical Records

The threshold issue is whether the discovery sought—here, Plaintiff's medical records—is relevant.  Medical records are routinely found to be relevant in the context of ADA cases.  *See Wilson v. Preferred Family Healthcare, Inc.*, No. 2:21-CV-79 RLW, 2020 WL 2157033, at *2 (E.D. Mo. June 15, 2022) (finding that the plaintiff's physical and mental medical history was "indisputably relevant" to plaintiff's claims of disability under the ADA); *see also Smith v. Atlanta Postal Credit Union*, No. 1:07-CV-1833-CC, 2008 WL 11324072, at *1 (N.D. Ga. July 1, 2008) (finding that plaintiff's medical records are "indisputably relevant to whether she is an individual with a disability, as defined by the ADA."); *see also Calder v. TCI Cablevision of Missouri, Inc.*, No. 4:99-cv-01005 (CEJ), 2001 WL 991459, at *1 (E.D. Mo. July 21, 2001) ("[P]laintiff's medical history is relevant because her action is based in part on the ADA.")

Plaintiff's medical records are relevant because she has placed her medical condition and her vaccination history at issue by claiming that she suffers from a disability as defined by the ADA and that Defendant violated the ADA by refusing to accommodate her disability when it denied her medical exemption request for the COVID-19 vaccine and revoked its offer of employment.

Plaintiff's concession that there is nothing in her medical records to support her Guillain-Barré syndrome claim does not render all of her medical records irrelevant or undiscoverable.[1]  Her medical records are relevant because Plaintiff's claims regarding her medical condition are much broader than just Guillain-Barré.  Specifically, Plaintiff claims that she "is disabled in that she has an underlying condition that impair[s] her nervous system and respiratory system."  Compl., Doc. No. 1 at ¶ 13.  Plaintiff also claims that she "had a response from a previous vaccine which affected the nerves in her upper body, caused body weakness and triggered asthmatic symptoms."  *Id.* at 14.  Because Plaintiff has clearly placed her medical condition and vaccination history at issue, the Court finds that her medical records are directly relevant to her claims.

Given that Defendant has made a threshold showing of relevance, Plaintiff now has the burden of showing that her objections are valid by providing specific explanations

---

[1]     Additionally, Plaintiff's argument that providing the e-mail communications between herself and one of her physicians fulfills her disclosure requirement is without merit.  *See Kubie v. Target Corp.*, No. 09-cv-00669-ZLW-KMT, 2009 WL 5216943 (D. Colo. Dec. 30, 2009) (requiring full and complete access to the plaintiff's medical records in an ADA lawsuit in order for the claims to be fully explored where the plaintiff refused to sign a medical release and only provided the defendants with a document titled "progress notes" which plaintiff claimed was the only relevant medical record.)

or factual support as to how each discovery request is improper.  *See Bell*, 2015 WL 402084, at *1.  As an initial matter, Plaintiff's objections to Defendant's discovery requests are boilerplate and do not provide sufficient detail.  Plaintiff summarily objects that the requests seek irrelevant information, are overly broad, are unduly burdensome, are not reasonable calculated to lead to the discovery of admissible evidence, and are beyond the scope of discovery.  On this basis alone, the Court may overrule Plaintiff's objections.  *See* E.D. Mo. L.R. 3.04(c).

However, even considering the arguments in Plaintiff's opposition, Plaintiff has failed to demonstrate that her objections are valid.  Plaintiff's opposition only argued that her medical records were irrelevant, and as discussed above, her medical records are relevant.  Plaintiff did not explain nor even address her objections of overbreadth, undue burden, and scope.  As such, the Court finds that Plaintiff has failed to meet her burden of showing her objections are valid.

In sum, the Court finds that Plaintiff's medical records are relevant to her claims and proportional to the needs of the case, and as such will compel Plaintiff to produce her medical records and the corresponding authorizations.  Indeed, many courts have come to the same conclusion when faced with this issue.  *See Wilson*, 2022 WL 157033, at *2-3 (granting motion to compel medical records and authorizations for medical records upon finding that plaintiff's medical condition was relevant to her ADA claims and plaintiff's objections were without merit); *see Calder*, 2001 WL 991459, at *1 (granting motion to compel production of plaintiff's medical records in an ADA action); *see Breedlove v. Consol. Vision Grp., Inc.*, No. 20-cv-916 (DWF/TNL), 2021 WL 2350048, at *6-7 (D.

10

Minn. June 9, 2021) (granting motion to compel plaintiff to provide authorizations for release of medical records for a period of five years before she was terminated from employment through present); *see Floyd v. SunTrust Banks, Inc.*, 878 F. Supp. 2d 1316, 1327 (N.D. Ga. 2012) (granting motion to compel and explaining that "when a litigant alleges matters that put her medical status at issue, she waives her right to object to the discovery of her medical records."); *see Day v. Minnesota*, No. 05-2675 (MJD/RLE), 2006 WL 8445078 (D. Minn. June 16, 2006) (granting motion to compel medical records because plaintiff's medical condition was relevant to his ADA claim of disability discrimination).

## Counseling Records

Defendant also seeks information regarding any psychological or mental health care Plaintiff has received, including treatment by therapists, counselors, and members of the clergy.  Plaintiff argues that this information is not discoverable because (1) it is irrelevant given that she is only seeking "garden variety" emotional distress and (2) any such records are privileged.

Relevance

Plaintiff claims that she is only seeking "garden variety" emotional distress and therefore her medical history is irrelevant.[2]  Such argument is without merit; even though

---

[2]     The phrase "garden variety emotional distress" is used to describe "ordinary and commonplace emotional distress" that is "simple or usual," as compared to complex distress resulting in a specific psychiatric disorder.  *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Ca 2003).

Plaintiff is only seeking "garden variety" emotional distress damages, she has nonetheless put her medical/counseling history directly at issue, making her medical treatment records, including mental health treatment, discoverable.  *See Johnson v. Jefferson Cnty, Missouri*, 4:22-CV-00375-JSD, 2023 WL 5377565, at *2 (E.D. Mo. Aug. 22, 2023) (finding that plaintiff's medical treatment records, including his mental health treatment records, were discoverable even though plaintiff only alleged "garden variety emotional distress and mental anguish"); *see Milton v. Belmar*, No. 4:20-CV-003 RLW, 2021 WL 2018025, at *2 (E.D. Mo. May 20, 2021) (noting that courts in this district have found "mental health treatment records may be discovered to explore the possibility of other causes for a plaintiff's 'garden variety' emotional distress in both civil rights and employment discrimination cases, but has reserved ruling as to whether the records would be admissible at trial."); *Gierer v. Rehab. Med., Inc.*, No. 4:14-CV-1382 CAS, 2016 WL 3346568, at *2 (E.D. Mo. June 16, 2016) ("[W]hen a plaintiff seeks damages for emotional distress, her medical records are discoverable to determine whether [her] past medical history contributed to her claimed emotional distress.") (internal quotation marks and quoted case omitted).

Additionally, Plaintiff specifically put her mental health treatment history at issue when she testified that she received counseling treatment for the two years preceding her application to Mercy and that her need for counseling was exacerbated by Defendant's decision to rescind her employment offer.  Jacobs Dep., Doc. No. 35-1 at 148-149. Records from these counseling sessions are undoubtedly relevant to whether Defendant's actions caused or contributed to Plaintiff's emotional distress.  Indeed, many courts have

12

compelled disclosure of medical records on this basis.  In *Lewis v. Temp-Air, Inc.,* No. 4:14-CV-398-CDP, 2014 WL 5432122, at *2 (E.D. Mo. Oct. 27, 2014), the court compelled disclosure of medical records regarding any emotional and/or mental health issues, including "emotional distress" beginning three years prior to plaintiff's termination, finding that defendant "should be allowed access to these records in order to explore the possibility that there are other causes for [plaintiff's] distress".  The *Lewis* court explained that "withholding all medical records regarding [plaintiff's] emotional distress would force the parties to proceed on unequal footing." *Id.*; *see Doverspike v. Chang O'Hara's Bistro, Inc.*, No. 03-5601 ADM/AJB, 2004 WL 5852443, at *3 (D. Minn. July 13, 2004) ("Defendants have a right to determine whether [plaintiffs] have relevant medical history that indicates their emotional distress was caused in part by events and circumstances independent of defendants' conduct.").

In support of her argument Plaintiff cites *United Fire & Cas. Co. v. Thompson*, 949 F. Supp. 2d 922, 934 (E.D. Mo. 2013), which found that in an intentional tort claim, medical testimony is not necessary to prove a garden variety emotional distress damages. This case does not support Plaintiff's contention that her mental health records are undiscoverable for two reasons.  First, what is required to *prove* a claim and what is *relevant* in discovery are very different standards.  Second, Plaintiff is only asserting federal claims, such that federal law controls, whereas *Thompson* was a tort case applying state law.[3]

---

[3]      Plaintiff also cited a Missouri state law case in support of her contention, but such law is not controlling in this matter.

In sum, the Court finds that Plaintiff's counseling/mental health records are relevant even though she is only seeking "garden variety" emotional distress.

Privilege

Plaintiff also asserts that any counseling records are protected from disclosure under the psychotherapist-patient privilege. As an initial matter, Plaintiff did not properly assert any privileges. In order to properly assert a privilege, the party withholding information that is otherwise discoverable must: (1) expressly make the claim that the information withheld is privileged and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Here, Plaintiff did not assert any privileges in her objections to Defendant's requests, much less provide a privilege log pursuant to Rule 26(b)(5)(A). Plaintiff only claimed that the psychotherapist-patient privilege applied in her opposition to this motion. Regardless, as discussed more fully below, the Court finds that the psychotherapist-patient privilege has been waived and will compel the production of the requested materials.

The Supreme Court has recognized the psychotherapist-patient privilege in federal question cases. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). However, when a plaintiff puts her mental condition at issue by claiming emotional distress damages, such privilege is waived. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) ("Numerous courts since *Jaffee* have concluded that . . . a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."); *see also Butler v. Burroughs*

*Wellcomme, Inc.*, 920 F. Supp. 90, 92 (E.D.N.C. 1996) ("Elements of a claim under the ADA touch upon the most private and intimate details of a plaintiff's life.  ADA plaintiffs, like plaintiffs in an action for medical malpractice, waive all privileges and privacy interests related to their claim by virtue of filing the complaint.")  "Allowing Plaintiff 'to hide . . . behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice.'" *Geirer*, 2016 WL 3346568, at *2 (quoting *Sarko v. Penn-Del Directory, Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997)).  Accordingly, the Court finds that Plaintiff has waived any psychotherapist-patient privilege with respect to her counseling/mental health records.

Lastly, Plaintiff has provided no support for her contention that her medical and counseling records will serve no purpose other than to harass and embarrass her.  As discussed, the records are relevant and the properly discoverable.  The Court also finds that the requested information is properly limited in scope to the last five years.  *See Bates v. Delmar Gardens N., Inc.*, No. 4:15-cv-00783-AGF, 2016 WL 3543046, at *4 (limiting discovery of the plaintiff's medical records to the five years preceding the alleged discriminatory conduct).

In sum, Plaintiff may not put her medical and mental condition directly at issue and then refuse to disclose any of her medical and counseling records.  The records are discoverable, and Plaintiff has failed to demonstrate that her objections have merit.  As such, the Court will grant Defendant's motion to compel.  To the extent Plaintiff believes any of the requested records are subject to a different privilege, she must properly assert such privilege and provide a privilege log in accordance with Fed. R. Civ. P 26(b)(5).

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel discovery is **GRANTED**.  Doc. No. 28.

**IT IS FURTHER ORDERED** that Plaintiff shall provide full responses to Defendant's Interrogatory Nos. 8, 13, and 14 and provide signed medical authorization forms responsive to Defendant's Requests for Production Nos. 49-50 within **fourteen (14) days** of this order.  If Plaintiff believes that certain responsive documents are protected by an applicable privilege, other than what was discussed above, she must provide Defendant with an appropriate privilege log that conforms to the requirements of Fed. R. Civ. P. 26(b)(5)(A).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of November, 2023.