UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-01204-AGF |
| | ) | |
| MERCY HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mercy Health's motion for bill of costs. Doc. No. 50. Following Defendant's motion for summary judgment, the Court entered judgment in favor of Defendant and against Plaintiff Heidi Jacobs. Doc. No. 49. Defendant timely filed its motion for bill of costs, which seeks $4,574.35 in costs related to this litigation. Plaintiff has filed objections related to Defendant's request for costs associated with depositions, mediation, and service of a subpoena. Doc. No. 52. Defendant has filed a reply that disputes Plaintiff's objections with respect to the videotaped deposition costs, but otherwise concedes to Plaintiff's objections and agrees to a corresponding reduction of costs. Doc. No. 53. For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

**Legal Standard**

District courts may award costs to a prevailing part pursuant to Fed. R. Civ. P. 54(d), but "such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).

1

(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)).  The party objecting to an award of costs "bears the burden of overcoming the presumption that [the prevailing party] is entitled to recover all costs allowed by § 1920." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464 (8th Cir. 2015).  If the opposing party objects, this Court may exercise its discretion to grant, deny, or modify the costs.  *Burdess v. Cottrell, Inc.*, No. 4:17-CV-01515-JAR, 2022 WL 888135, at *1 (E.D. Mo. Mar. 25, 2022).  District courts have "substantial discretion" in awarding costs under Rule 54(d).  *Smith*, 436 F.3d at 889 (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)).

**Requested Costs**

As the prevailing party, Defendant seeks $4,141.40 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case;[1] $175.00 in fees for service of summons and subpoena; and $257.95 for costs associated with obtaining Plaintiff's medical records.  Doc. No. 50.  Plaintiff has objected to certain fees associated with depositions, the mediation fee, and the service of subpoena fee.

**Deposition Fee Request Objections**

Plaintiff objects to certain fees associated with the depositions of Heidi Jacobs and Bryan Jacobs.  With respect to the deposition of Heidi Jacobs, Defendant requests $744.50 in fees for the court reporter and $625.00 in fees for the videographer.  The court reporter fees include $693.45 in transcript costs, $31.05 in exhibit copies, and $20 for "LIT SUPPORT PACKAGE-MINI-PDF-PTX-XMEF."  Doc. No. 50-1 at 2.  With

---

[1]   This fee request also appears to include $1,365.00 in mediation fees.

respect to the deposition of Bryan Jacobs, Defendant requests $508.25 in fees for the court reporter and $352.50 in fees for the videographer.  The court reporter fees include $488.00 in transcript costs, $0.25 in exhibit copies, and $20 for "LIT SUPPORT PACKAGE-MINI-PDF-PTX-XMEF."

     Plaintiff objects to the videographer fee and the $20 "LIT SUPPORT PACKAGE-MINI-PDF-PTX-XMEF" fee related to each deposition.  Plaintiff argues that there is no basis for the taxation of the videographer fee in either deposition.  Plaintiff explains that Defendant utilized the written transcript of these depositions in its motion for summary judgment, but the video depositions were not used in the case and were unnecessary and duplicative of the written transcripts.  With respect to the "LIT SUPPORT PACKAGE-MINI-PDF-PTX-XMEF" fees, Plaintiff argues that this was simply an additional format of the transcript that was obtained solely for the convenience of counsel and not necessarily obtained for use in the case.

     Pursuant to 28 U.S.C. § 1920(2), a district court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The Eighth Circuit has held that the prevailing party may recover costs for both printed and electronically recorded transcripts of the same deposition, as long as each transcript was necessarily obtained for use in the case. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465 (8th Cir. 2015).  Courts in this district have allowed recovery of costs for both printed and video recorded deposition transcripts when "the prevailing party offers a persuasive reason for obtaining the video deposition, such as the importance of the witness and the likelihood that each witness would be unavailable for trial." *Major Brands, Inc. v. Mast-*

3

*Jägermeister US, Inc.*, No. 4:18-CV-423-HEA, 2022 WL 4646061, at *2 (E.D. Mo. Sept. 30, 2022). A video recorded deposition may also be necessary, for example, to challenge a party's credibility at trial. *Cleek v. Ameristar Casino Kansas City, LLC*, No. 4:21-CV-00027-DGK, 2021 WL 5867648, at *2 (W.D. Mo. Dec. 10, 2021) (explaining that "numerous courts have found that a video deposition is necessarily obtained for use in a case when the party orders it to impeach the plaintiff or otherwise challenge his credibility at trial.") (internal quotation marks and citations omitted). Here, Defendant explains that while the credibility and sincerity of Plaintiff's religious beliefs were not at issue at the summary judgment stage, it would have been a critical issue had the case gone to trial. Defendant notes that while the written transcript of Plaintiff's deposition accurately reflected Plaintiff's spoken words, it did not reflect her mannerisms, facial expressions, and the length of time it took for her to formulate her responses – all of which would have been crucial to refuting Plaintiff's alleged sincerity of her beliefs and for impeachment purposes. With respect to Bryan Jacobs, Defendant explains that his credibility and testimony are also highly relevant to the sincerity of Plaintiff's religious beliefs because he helped draft the exemption request for Plaintiff's COVID-19 vaccine, thus his video deposition also would have necessary for credibility and impeachment purposes at trial. Accordingly, the Court finds that the video depositions of Heidi Jacobs and Bryan Jacobs were necessarily obtained for use in the case. Plaintiff's objections to these costs are overruled.

With respect to the "LIT SUPPORT PACKAGE-MINI-PDF-PTX-XMEF" fees, Defendant acknowledges that additional formats of printed deposition transcripts are

4

duplicative and unnecessary and agrees to a reduction of $40 for these fees.  Accordingly, the Court will sustain Plaintiff's objections with respect to these fees and reduce Defendant's requested fees for printed or electronically recorded transcripts by $40.

### Mediation Costs

Plaintiff also objects to Defendant's requested mediation costs in the amount of $1,365.00.  Mediation fees are not authorized by 28 U.S.C. § 1920, nor has Defendant provided any other statutory authorization for such costs.  *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (finding that district court abused its discretion in taxing mediator's fees against defendants because it is not authorized under 28 U.S.C. § 1920); *Hilson v. Safeco Ins. Co. of Ill.*, No. 4:20-CV-1660 PLC, 2022 WL 2168670, at *4 (E.D. Mo. June 16, 2022) (disallowing mediation costs because they "do not constitute an item of taxable cost under 28 U.S.C. § 1920"); *Neidenbach v. Amica Mut. Ins. Co.,* No. 4:13-CV-1604 CAS, 2016 WL 5076149, at *2 (E.D. Mo. Sept. 14, 2016) ("[T]he Eighth Circuit has held that a mediator's fees do not constitute an item of taxable costs under 28 U.S.C. § 1920 . . . . Further, this Court's Local Rules state that, generally, each party will bear the cost of mediation.").

Accordingly, the $1,365.00 mediation fee will not be allowed.  In its reply, Defendant acknowledges that mediation fees are not a taxable cost and agrees to deduct the requested mediation fee from its cost award.

### Service of Subpoena Costs

Plaintiff also objects to Defendant's request for $175.00 in fees for the service of subpoena for the deposition of Bryan Jacobs.  Plaintiff explains that Defendant utilized a

5

special process server, Markell & Associates, Inc., and special process server fees are not taxable.  The Eighth Circuit has specifically held that service of process via a special process sever is not a recoverable cost under 28 U.S.C. § 1920.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (finding that the defendant could not "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."); *see Bry v. City of Frontenac*, No. 4:14-CV-1501-RLW, 2017 WL 244813, at *2 (E.D. Mo. Jan. 19, 2017) (finding that costs associated with special process server for deposition subpoenas was not recoverable); *see also BMO Harris Bank N.A. v. Gorban Transp. Inc.*, No. 4:20-CV-00758-SRC, 2021 WL 5279571, at *1 (E.D. Mo. Nov. 12, 2021); *Lee ex rel. Lee v. Borders*, No. 4:09-CV-1977 TIA, 2013 WL 1316985, at *4 (E.D.  Mo. Mar. 29, 2013).  Defendant acknowledges the Eighth Circuit's precedent on this issue, and agrees to a deduction of $175.00 for the subpoena service costs.

### Medical Records

Defendant has requested $257.95 in costs related to obtaining copies of Plaintiff's medical records.  Plaintiff has not objected to this request.  Such costs are taxable under 28 U.S.C. § 1920.  *See Kelly v. Ethicon, Inc.*, No. 20-CV-2036-CJW-MAR, 2021 WL 7185081, at *5-6 (N.D. Iowa Mar. 18, 2021) (taxing costs for obtaining copies of a plaintiff's medical records where plaintiff's medical history was material to the case); *see also Cooksey v. Prof'l Transp., Inc.*, No. 5:16-CV-00072 KGB, 2019 WL 2221573, at *2, *4 (E.D. Ark. May 22, 2019) (taxing costs for obtaining and copying medical records); *Bradshaw v. FFE Transp. Servs.*, No. 09-6045, 2012 WL 13024449, at *2-3, (W.D. Ark. Feb. 2, 2012) (taxing costs paid to others for procuring medical records); *Johnson v.*

6

*Bergh*, No. 4:06-CV-605 CDP, 2009 WL 36421, at *2 (E.D. Mo. Jan. 6, 2009) (taxing costs for amounts paid to a third-party to obtain copies of medical records).  As such, the Court will grant Defendant's motion with respect to fees associated with obtaining Plaintiff's medical records.

In summary, the Court will reduce the requested costs of $4,574.35 by the following amounts:

| | |
|---|---:|
| TOTAL REQUESTED COSTS: | $4,574.35 |
| Deposition Transcripts: | ($40.00) |
| Mediation Costs: | ($1,365.00) |
| Service of Subpoena: | ($175.00) |
| TOTAL TAXABLE COSTS: | $2,994.35 |

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for bill of costs is **GRANTED in part** and **DENIED in part**, in accordance with the findings set forth above.  Doc. No. 50.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiff and in favor of Defendant Mercy Health in the amount of $2,994.35.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2024.